UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DORA MATTIE DUFFIELD,

    Plaintiff,

v.                                                                               CASE NO. 3:15-cv-1065-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Motion") (Doc. 20), Defendant's Opposition thereto (Doc. 21), and Plaintiff's Reply (Doc. 24).  For the reasons stated herein, the Motion is due to be **GRANTED in part** and **DENIED in part**.

    Pursuant to Section 2412(d) of EAJA, 28 U.S.C. § 2412(d), Plaintiff makes a timely request for an award of attorney's fees in the amount of $5,888.78 and postage expenses in the amount of $37.53.  Defendant does not dispute that Plaintiff is entitled to an award of fees and expenses in this case.  However, Defendant argues that the fee award should be reduced because: (1) two of the three attorneys who worked on this case are not admitted to practice before this Court and, therefore, they should be compensated at the customary paralegal rate in this District; (2) any fees should not include compensation for work not

normally done by attorneys, such as clerical tasks; (3) any fees should not include compensation for hours not reasonably spent; and (4) Plaintiff has not established that the customary paralegal rate in this District is $100 per hour.

EAJA sets forth the following requirements for an award of fees:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412. In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

It is undisputed that Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Furthermore, Defendant does not dispute that Plaintiff is entitled to an award of fees in this case. In light of the lack of opposition on this issue, the undersigned will not find that Defendant's position was substantially justified. Moreover, there are no special circumstances which would make an award of fees unjust. In addition, Plaintiff's "net worth was less than $2,000,000.00 when the civil action was filed." (Doc. 20 at 3.) Therefore, Plaintiff is entitled to an award of EAJA fees.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects that Plaintiff's attorneys' rate was $189.30 per hour[1] for work performed in 2015 and 2016 by Suzanne Harris, Esq. (20.8 hours), Howard Olinsky, Esq. (1.25 hours), and Paul Eaglin, Esq. (4.7 hours); and the paralegal rate was $100.00 per hour for work performed by Shannon Persse (3.1 hours), Sara Havener (0.75 hours), Michael Smith (1.3 hours), Michelle Callahan (2 hours), and Jessica Mills (1.1 hours). Multiplying these hourly rates by the respective hours spent on the case produces a fee of $5,063.78 for the attorneys' work and $825.00 for the paralegals' work. Defendant makes several arguments for a reduction of the requested fees.

Defendant first argues that because Mr. Olinsky and Mr. Eaglin are not admitted to practice in this Court and their names do not appear in any document

---

[1] As this rate is higher than the statutory maximum, Plaintiff's attorneys are seeking a cost of living adjustment. The Court finds this rate to be reasonable and the cost of living adjustment warranted only with respect to Ms. Harris's services in the case.

filed with the Court prior to the present Motion, their services should not be compensated at an attorney rate, but rather at the prevailing paralegal rate. The Court agrees with Defendant that as out-of-state attorneys who are not members of the Bar of this Court and have not sought permission to appear *pro hac vice* in this case, Mr. Olinsky and Mr. Eaglin should be compensated at the prevailing paralegal rate. *See Bumgardner v. Comm'r of Soc. Sec.*, Case No.: 6:12-cv-18-Orl-31TBS, 2014 WL 5426538, *4 (M.D. Fla. Oct. 21, 2014) (finding under similar circumstances that a "[r]eduction of counsel's hourly rate to that of a paralegal is an appropriate sanction to preserve the integrity of this Court's local rules while still allowing compensation for legal work that was competently performed"); *Riggins v. Astrue*, Case No.: 3:09-cv-856-J-TEM, 2011 WL 2119338, *3 (M.D. Fla. May 27, 2011) ("Since Mr. Martin and Ms. Naides have not been granted permission to serve as counsel in this matter, they should not be compensated as attorneys. The Court, therefore, finds that Mr. Martin and Ms. Naides are entitled to a fee appropriate for paralegals.").

The next question before the Court is what is the prevailing paralegal rate in this District.[2] Although Plaintiff submits it is $100 per hour, Defendant argues it is no more than $75 per hour. As Plaintiff has not cited any decisions from the Middle District of Florida awarding $100 per hour for paralegal work in the Social

---

[2] In *Richlin Security Service Company v. Chertoff*, the Supreme Court held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." 553 U.S. 571, 590 (2008).

Security context, and the courts in both *Bumgardner* and *Riggins* found $75 per hour to be a reasonable rate for paralegal services in this District, the Court finds it appropriate to reduce the paralegal rate in this case to $75 per hour.  *See Bumgardner*, 2014 WL 5426538 at *4 ("The Commissioner recommends a rate of $75 per hour which I find to be within the reasonable range for work performed by paralegals in this district."); *Riggins*, 2011 WL 2119338 at *3 (same); *see also Martin-Johnson v. Colvin*, Case No.: 3:14-cv-1331-J-MCR (M.D. Fla. Apr. 8, 2016) (finding an hourly rate of $60.00 for paralegal work to be reasonable).

Defendant further argues that any fees should not include compensation for work not normally done by attorneys, such as clerical tasks, and compensation for hours not reasonably spent.  Specifically, Defendant seeks to exclude 3.35 hours spent by paralegals on the following tasks:

- 7/14/2015: 0.6    Files received, reviewed and processed from referral source for attorney rev.

- 8/13/2015: 0.7    FDC prospect packet created and sent
- 8/14/2015: 0.1    Last Page of In Forma Pauperis application received via fax
- 8/27/2015: 0.6    Draft and file complaint, civil cover sheet, letter to clerk
- 8/28/2015: 0.1    Download fedex receipt delivery to clerk for proof of service
- 9/14/2015: 0.5    Draft corrected proposed summons and USM-285 Forms, letter to the clerk
- 11/13/2015: 0.75   Download, file & save transcript

Defendant argues that these tasks are clerical and, therefore, should not be compensated.  Plaintiff responds that these tasks were necessary to the litigation

because they involved, *inter alia*, communication with the referral source that would normally be performed by an attorney, preparing the federal court prospect packet, communicating with the client, drafting the complaint and summons, and filing and saving the transcript for easier review and preparation of the brief.

Some courts in this District have found such tasks compensable, while other courts have reached a contrary conclusion. *Compare Robinson v. Comm'r of Soc. Sec.*, Case No.: 2:14-cv-391-FtM-CM (M.D. Fla. Jan. 4, 2016) (reimbursing time spent preparing the service of process and reviewing the answer); *Vargas v. Comm'r of Soc. Sec.*, Case No.: 6:13-cv-1683-Orl-41TBS (M.D. Fla. Mar. 10, 2015) (report and recommendation adopted on Aug. 7, 2015) (reimbursing time spent communicating with the administrative attorney and the client, reviewing the return of service, and reading the scheduling order, among others); *with Phillips v. Colvin*, Case No.: 3:12-cv-661-J-34MCR (M.D. Fla. Mar. 31, 2014) (report and recommendation adopted on May 5, 2014) (disallowing time spent on, *inter alia*, preparing and sending forms to the client to initiate the case, filing the Complaint, the IFP, and the service forms, and preparing the transcript); *Huntley v. Comm'r of Soc. Sec.*, Case No.: 6:12-cv-613-Orl-37TBS (M.D. Fla. Oct. 1, 2013) (report and recommendation adopted on Nov. 8, 2013) ("Preparation of the complaint should be compensable, but because counsel has not separated his billing statement into more individual tasks, the Court cannot tell how much time counsel spent on preparing the complaint as opposed to

drafting the summons and civil cover sheet. . . . [Also], the 3.7 hours claimed as administrative work are not compensable because Plaintiff does not identify who performed the administrative work, and the work is clerical in nature.").

Here, Plaintiff has adequately established that the tasks for which she seeks reimbursement are traditionally performed by an attorney and, therefore, compensable at the paralegal rate of $75 per hour. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (affirming the district court's decision to reimburse time spent by paralegals and law clerks where the work was normally performed by an attorney).[3]  Therefore, the Court will exercise its discretion to allow reimbursement for the 3.35 hours of paralegal time.

Defendant also challenges a portion of the time spent by paralegals and Mr. Eaglin as not reasonably spent. First, Defendant asks the Court to disallow 0.5 hours of paralegal time spent before preparing and filing the complaint, namely:

- 7/14/2015: 0.2    Correspondence to Client re: Referral of Acknowledgment Letter
- 7/27/2015: 0.3    Telephone Call to Client re: Federal Debt Check

Secondly, Defendant asks the Court to disallow 0.7 hours spent by Mr. Eaglin reviewing short, standard documents, namely:

- 9/18/2015: 0.2    Review summons issued

---

[3] Defendant has not sought to file a surreply to address Plaintiff's detailed explanation in the Reply as to why each of these tasks is compensable.

- 9/23/2015: 0.1    Review summons returned executed USAO
- 9/28/2015: 0.1    Review proof of service OGC
- 9/28/2015: 0.1    Review proof of service Attorney General
- 11/16/2015: 0.1    Review order approving consent to Magistrate
- 11/16/2015: 0.1    Review order case reassigned to Magistrate

Plaintiff agrees that 0.2 hours spent on correspondence on 7/14/2015 is not compensable, but explains that the time spent on the federal debt check is compensable because the existence of a federal debt would partially or completely eliminate any EAJA award. Because the Court agrees with Plaintiff that the time spent on the federal debt check relates to this litigation, the Court will allow the 0.3 hours sought, even though the time was spent before the Complaint was filed. *See, e.g.*, *Caylor v. Astrue*, 769 F. Supp. 2d 1350, 1353 (M.D. Fla. 2011). As agreed by the parties, the Court will disallow the 0.2 hours spent on correspondence on 7/14/2015.

With respect to the 0.7 hours spent by Mr. Eaglin, Plaintiff points out that six minutes is simply the lowest billable increment and that it is counsel's responsibility to be apprised of docket entries, including routine ones. The Court agrees with Plaintiff. The time spent on these tasks is not unreasonable and it is counsel's responsibility to make sure that service of process was perfected and to be apprised of any orders entered on the docket, even routine ones. *See, e.g.*, *Vargas*, Case No.: 6:13-cv-1683-Orl-41TBS, at *4 ("Other of the claimed time entries are for less intellectually demanding work that attorneys are still expected

to do including reviewing the return of service to insure that the defendant was properly served. . . . Similarly, the Court expects the attorneys practicing before it to read its orders, including scheduling orders. . . . Finally, it is reasonable for counsel to review, if only briefly, the Notice of Pendency of Related Cases before submitting it to the Court.").

Accordingly, after the reductions, Plaintiff will be compensated for attorney and paralegal fees as follows:

| Timekeeper | Hourly Rate | Hours Worked | Total |
|---|---|---|---|
| Suzanne Harris | $189.30 | 20.8 | $3,937.44 |
| Howard Olinsky | $75.00 | 1.25 | $93.75 |
| Paul Eaglin | $75.00 | 4.7 | $352.50 |
| Shannon Persse | $75.00 | 3.1 | $232.50 |
| Sara Havener | $75.00 | 0.75 | $56.25 |
| Michael Smith | $75.00 | 1.3 | $97.50 |
| Michelle Callahan | $75.00 | 2 | $150.00 |
| Jessica Mills | $75.00 | 0.9 | $67.50 |
| **TOTAL:** | | | **$4,987.44** |

Finally, Plaintiff seeks reimbursement for $37.53 expended for sending the Complaint and summons via Federal Express to the Clerk of Court for filing. (*See* Doc. 20-11.) Defendant does not object as long as the Court couches the Order in terms of expenses, because postage or mail fees are considered expenses, rather than costs. In light of the lack of opposition, the Court will allow

reimbursement of Plaintiff's postage fees in the amount of $37.53 as expenses. *See Riggins*, 2011 WL 2119338 at *5 (awarding $9 for expenses incurred from courier deliveries).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 20**) is **GRANTED in part** and **DENIED in part**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $4,987.44 for attorney's fees and $37.53 for expenses.

3. The Commissioner will determine whether Plaintiff owes a debt to the government.  If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.

**DONE AND ORDERED** at Jacksonville, Florida, on October 14, 2016.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record